# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
|     Plaintiff, : | |
| : | |
| v. : | 3:08-cr-253 (WWE) |
| : | |
| EDGARDO SENSI, : | |
|     Defendant. : | |

## **MEMORANDUM OF DECISION**

Defendant Edgardo Sensi moves to withdraw his guilty plea. For the following reasons, defendant's motion will be denied.

## **BACKGROUND**

Defendant was charged by superseding indictment with conspiracy to produce child pornography in violation of 18 U.S.C. § 371 (count one), production of child pornography in the United States in violation of 18 U.S.C. § 2251(a) (count two), illicit sexual conduct in foreign places in violation of 18 U.S.C. § 2423(c) (count three), and production of child pornography outside the United States in violation of 18 U.S.C. § 2251(c)(1) (count four). Counts one and two involved an eight-year-old child in Connecticut in 2001, and counts three and four involved a four-year-old child in Nicaragua in 2004 and 2005.

On July 8, 2010, shortly before trial was set to commence, defendant decided to plead guilty on all counts. At that time, defendant was represented by Attorney Robert Berke. Berke withdrew from the case on September 28, 2010, and Attorney Gerald Harmon was appointed as defendant's new counsel. On December 18, 2010,

defendant filed his motion to withdraw his guilty plea

Defendant claims that Berke provided ineffective assistance because he failed to advise defendant of the possible sentence he faced as to counts one and two. Defendant also claims that counts three and four should be dismissed for improper venue because the conduct charged did not occur in Connecticut.

## DISCUSSION

A defendant may withdraw his guilty plea if he "can show a fair and just reason" for his request. Fed. R. Crim. P. 11(d)(2)(B). In determining whether defendant has met his burden, courts consider (1) the amount of time between the guilty plea and the motion to withdraw, (2) whether defendant has asserted his innocence, and (3) whether the government would suffer prejudice if the motion were granted. United States v. Schmidt, 373 F.3d 100, 102–03 (2d Cir. 2004).

All three of the Schmidt factors weigh against granting defendant's motion. As to the first factor, five months elapsed between defendant's guilty plea and his motion to withdraw. That period of time supports a finding that defendant voluntarily pleaded guilty. See, e.g., United States v. Doe, 537 F.3d 204, 213 (2d Cir. 2008). If defendant had pleaded guilty in haste or confusion, he could have sought to withdraw his plea sooner. Defendant argues that five months was reasonable because he had a "breakdown of communication" with Berke, leading to Berke's withdrawal more than two months after the guilty plea, and then defendant's new counsel, Harmon, needed nearly three months to review the case and then to file the motion to withdraw the guilty plea. Defendant's argument is unpersuasive because he could have expressed his desire to withdraw the guilty plea sooner. Defendant also argues that he felt compelled to plead

2

guilty because he was afraid that Berke was unprepared for trial. However, defendant acknowledged to the Court that his decision to plead guilty did not arise from pressure or fear. Defendant then waited five months to file his motion to withdraw the guilty plea, although he could have done so sooner. Defendant also did not request a continuance of the trial on the basis that Berke was unprepared.

Defendant does not satisfy the second Schmidt factor because he has not asserted his innocence. Although defendant states that his innocence can be inferred solely on the basis of filing his motion to withdraw the guilty plea, he has not affirmatively claimed that he is innocent. As to the third factor, the government represents that it would suffer prejudice. The government would again have to make extensive arrangements for witnesses to travel to Connecticut from Nicaragua to testify, but the Nicaraguan government might not grant the necessary approvals. The burden and difficulty of preparing for trial constitute prejudice sufficient to meet the third Schmidt factor. United States v. Lopez, 385 F.3d 245, 254 (2d Cir. 2004).

Defendant's claim of ineffective assistance of counsel against Berke fails. To maintain this claim, defendant must show that Berke's performance was deficient and that but for Berke's deficiency, the outcome of the case would have been different. Doe, 537 F.3d at 213-14. Although defendant contends that Berke did not advise him of the possible sentence, the Court advised defendant of the possible sentence, and defendant stated that he understood. Defendant also completed a written petition to plead guilty in which he handwrote the possible sentence. Therefore, the outcome of the case did not depend on whether Berke advised defendant of the possible sentence. Defendant cannot show that Berke provided ineffective assistance, and defendant has

not shown a fair and just reason to withdraw his guilty plea as to counts one and two.

As to counts three and four, defendant waived his venue challenge because he entered a valid guilty plea.  United States v. Calderon, 243 F.3d 587, 590 (2d Cir. 2001).  Although defendant relies on United States v. Perlitz, 728 F. Supp. 2d 46 (D. Conn. 2010), in which the court dismissed the indictment for improper venue, that case is inapposite because the Perlitz defendant had not entered a valid guilty plea.  In the present case, defendant could have sought dismissal of counts three and four of the superseding indictment for lack of venue, but he failed to do so.  The superseding indictment was filed on April 2, 2009, and defendant pleaded guilty on July 8, 2010.  Defendant suggests that Berke should have challenged venue, but defendant fails to explain what he might have gained thereby.  A successful venue challenge would have led to the refiling of counts three and four in Florida.  Defendant does not argue that it would have been more advantageous to him to defend against those charges in Florida.

## CONCLUSION

Defendant's motion to withdraw his guilty plea (Doc. #131) is DENIED.

Dated at Bridgeport, Connecticut, this __14th___ day of September, 2011.

                                          _____/s/_____
                                          Warren W. Eginton
                                          Senior United States District Judge